# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1320 | **DATE** | August 5, 2002 |
| **CASE TITLE** | Shiman v. Paradigm Venture Investors | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, defendant's motion to dismiss (12-1) is granted and plaintiff's complaint is dismissed without prejudice. Plaintiff is granted leave to file an amended complaint on or before August 19, 2002. If plaintiff fails to do so, the dismissal will be converted to a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 0 8 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 22 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| OR6 | courtroom deputy's initials | 02 AUG -7 PM 5:10 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEWART A. SHIMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 02 C 1320 |
| ) | |
| PARADIGM VENTURE INVESTORS, ) | |
| L.L.C., DROBNY/FISCHER GENERAL ) | |
| PARTNERSHIP, SHELDON DROBNY, ) | |
| AARON FISHER, REUBEN ) | |
| ROSENBERG, ADLER, DROBNY, ) | |
| FISCHER, L.L.C. and PARADIGM ) | |
| GROUP, L.L.C. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Stewart Shiman has sued Drobny/Fischer General Partnership; Sheldon Drobny; Aaron Fischer; Reuben Rosenberg; Adler, Drobny, Fischer, L.L.C. ("ADF"); and Paradigm Group, L.L.C., for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68, as well as for breach of fiduciary duty and fraud. At least one of the claims (a fiduciary duty claim) is brought derivatively on behalf of Paradigm Venture Investors. The case is before the Court on defendants' motion to dismiss.

### Facts

In 1994, Shiman retired from his position as Vice President of Operations at Zebra Technologies Corporation. Most of his assets consisted of Zebra Technologies stock. Shiman sought to diversify his holdings and turned to his accountant, Sheldon Drobny, for assistance. Drobny proposed that Shiman, Drobny, Aaron Fischer, and Howard Simons band together in a

partnership to make joint investments. These individuals subsequently formed Paradigm Venture Partners, which later was converted to Paradigm Venture Investors ("PVI"), a limited liability company. Drobny, Fischer, and Shiman were designated managers of PVI, and ADF served as accountants for both Shiman and PVI. Shiman alleges that shortly after PVI was formed, defendants embarked on a series of schemes to "strip[] PVI's assets and defraud[] Shiman by diverting PVI assets for their own benefit." Complaint, ¶ 1.

The complaint purports to state claims under RICO § 1962(c) (count 1); § 1962(b) (count 2); and § 1962(d) (count 3). The complaint also asserts claims for common law fraud (count 4); breach of fiduciary duty to PVI (count 5); and breach of fiduciary duty to Shiman (count 6). Defendants have moved to dismiss the RICO claims and seek dismissal of the state law claims for lack of subject matter jurisdiction.

## Discussion

When considering a motion to dismiss, the Court reads the complaint liberally, granting the motion only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitles him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In support of their motion, defendants argue that (1) Shiman fails to allege the essential elements of his RICO claims with sufficient particularity; (2) Shiman's claims are barred by the statute of limitations; and (3) Shiman lacks standing to bring his RICO claims.[1] We address each argument in turn.

---

[1] The Court has considered defendants' other arguments and has concluded that they lack merit.

I.  *Elements of the RICO Violations*

Defendants initially argue that Shiman's RICO claims must be dismissed because he fails to allege a pattern of racketeering activity with sufficient particularity. To state a claim for violations of 18 U.S.C. § 1962, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 778 (7th Cir. 1994) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). A "pattern of racketeering activity" consists of at least two predicate acts of racketeering activity committed within a ten-year period. *See* 18 U.S.C. § 1961(5). These predicate acts must be violations of a specified list of criminal laws, including violations of 18 U.S.C. § 1341 (mail fraud), § 1343 (wire fraud), and § 1344 (bank fraud). *Id.* § 1961(1)(B). Shiman contends that the predicate acts in this case include mail fraud, wire fraud, and bank fraud.

Defendants argue that Shiman fails to allege at least two predicate acts of fraud with the requisite specificity. "[A] RICO plaintiff 'must, at a minimum, describe the predicate acts [of fraud] with some specificity and state the time, place, and content of the alleged communications perpetrating the fraud.'" *Goren v. New Vision International Inc.*, 156 F.3d 721, 726 (7th Cir. 1998) (quoting *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1020 (7th Cir. 1992)). Defendants first claim that Shiman's mail and wire fraud allegations are deficient. The complaint includes only the bald assertion that the defendants' alleged fraudulent scheme was "facilitated by use of the United States mails and wires," *see* Complaint, ¶¶ 71, 75; it says nothing about how the mails and wires were used, when or by whom, or what these acts had to do with the alleged fraud. The Court agrees that these allegations are not sufficient. To pass muster, Shiman "must sketch out who (i.e., which defendants) caused what to be mailed [or used

-3-

the telephone] when, and how that mailing [or phone call] furthered the fraudulent scheme."
*Landon v. GTE Communications Services Incorporated*, 696 F. Supp. 1213, 1218 (N.D. Ill. 1988) (quoting *Balabanos v. North American Investment Group, Ltd.*, 684 F. Supp. 503, 506 (N.D. Ill. 1988)); see also *Midwest Grinding*, 976 F. 2d at 1020 (stating that "the specificity standard, at a minimum, requires a plaintiff to identify the time and place of the alleged predicate acts" and finding that plaintiff's pleading was deficient because it failed to identify the dates that the alleged mail fraud occurred). Shiman's complaint contains no such information.

Shiman responds that these deficiencies should be excused; he states, without explanation or elaboration, that he needs discovery before he can "plead each communication and transaction with particularity." Plaintiff's Response to Defendants' Motion to Dismiss at 8. *See Corley v. Rosewood Care Center, Inc. of Peoria*, 142 F.3d 1041, 1051 (7th Cir. 1998) ("[T]he particularity requirements of Rule 9(b) must be relaxed where the plaintiff lacks access to all facts necessary to determine his claim"). Though this might excuse him from alleging the details of particular uses of the mails and wires, Shiman provides the Court with no basis at all to relieve him of the obligation to identify how use of the mails and wires furthered the scheme. Based on the way the predicate acts are currently alleged, one can fairly conclude that Shiman is only guessing that the mails or wires were used in some way that furthered the scheme. We conclude that Shiman has not pled the predicate acts of mail or wire fraud with sufficient particularity and has not provided a sufficient basis to justify his failure to do so.

Shiman also alleges predicate acts of bank fraud. The bank fraud statute makes it illegal knowingly to execute or attempt to execute a scheme to defraud a financial institution or to obtain money or property of a financial institution by means of false pretenses. *See* 18 U.S.C.

§ 1344. In his complaint, Shiman alleges that defendants submitted forged and false information to banks to procure and extend loans. Specifically, he alleges that in May 1999, Drobny, Rosenberg, and Fischer, with the assistance of ADF, submitted false and forged financial statements to LaSalle National Bank in order to renew a loan, *see* Complaint, ¶¶ 32-37, and that in January 1999, Drobny and Fischer submitted forged loan documents to Bank One in order to extend a loan, *see* Complaint, ¶¶ 40-41. These allegations have a sufficient level of detail to pass muster under Rule 9(b).

But the bank fraud allegations suffer from another flaw. Defendants argue that the allegations of bank fraud "are not acts of PVI." Defendants' Memorandum in Support of Motion to Dismiss at 6. In essence, defendants are arguing that the bank fraud was not carried out via PVI, the alleged RICO enterprise. "A RICO complaint must identify the enterprise" at issue. *Richmond v. Nationwide Cassel, L.P.*, 52 F.3d 640, 645 (7th Cir. 1995). Shiman has clearly identified PVI as the "enterprise" for purposes of his RICO claims. *See* Complaint, ¶ 70 ("PVI is an 'enterprise' within the meaning of RICO Section 1961(4), which is engaged in, or the activities of which, affect interstate commerce"). But a plaintiff also must allege that some "'person' associated with the enterprise conducted or participated, 'directly or indirectly in the conduct of such enterprise's affairs through a pattern of racketeering activity.'" *Richmond*, 52 F.3d at 646; *see also Rotella v. Wood*, 528 U.S. 549, 552 (2000) (the RICO statute makes it a violation "'to conduct' an 'enterprise's affairs through a pattern of racketeering activity.'")(citations omitted). The complaint adequately alleges that the defendants other than PVI participated in and/or directed PVI's affairs. Complaint, ¶71. However, Shiman's complaint fails to allege that the acts of bank fraud that comprised the pattern of racketeering

activity were connected in any way with PVI. Rather, the LaSalle Bank loan is alleged to have been a personal loan to Drobny, Fischer, Shiman and Simons, and Shiman fails to allege whether, or how, it was related to the affairs of PVI. The same is true of the Bank One loan. *See Richmond*, 52 F.3d at 646 ("[RICO] liability depends on showing that the defendants conducted or participated in the conduct of the '*enterprise's* affairs,' not just their *own* affairs")(emphasis in original). Shiman attempts to implicate PVI by arguing that Drobny and Fischer "caused PVI to pay interest on their own personal bank loans which they renewed through bank fraud." Plaintiff's Response to Defendants' Motion to Dismiss at 9. The problem with this argument is that having PVI pay a debt – the only part of the allegation that implicates PVI – is not bank fraud violative of § 1344.

In sum, Shiman's allegations are not sufficient to set forth a pattern of racketeering activity, an essential element of a claim under RICO §1962 (b) and (c). Count 3 of the complaint purports to state a claim for a conspiracy to violate the substantive RICO provisions. Section 1962(d) targets an "agreement to violate RICO's substantive provisions." *Gagan v. American Cablevision, Inc.*, 77 F.3d 951, 961 (7th Cir. 1996)(citations omitted). An essential aspect of such conspiracy is an "agreement to the commission of at least two predicate acts," though success at or completion of the acts is not required. *Id.* at 961, 964. Shiman has alleged generically that defendants agreed to commit predicate acts in violation of RICO § 1962(d) (Complaint, ¶ 81); however, as discussed above, Shiman has failed to properly allege any predicate acts – either committed or contemplated. Accordingly, the allegations are insufficient to state a claim under RICO § 1962(d).

It is possible that with more particularized allegations or a proper basis to excuse

further specificity, Shiman will be able to survive a motion to dismiss his RICO claims. But the current complaint does not get him there. Accordingly, the RICO counts of the complaint (counts 1 through 3) are dismissed with leave to amend. As the only remaining counts in the complaint are state law claims, we also dismiss counts 4-6 of the complaint for lack of supplemental jurisdiction.

Though the Court has concluded that Shiman's complaint should be dismissed, we will address defendants' standing and statute of limitations arguments to avoid the need to consider those arguments in the event Shiman repleads his claims.

II.    *Statute of Limitations*

The statute of limitations for civil RICO claims is four years. *Rotella* , 528 U.S. at 552. Defendants argue that Shiman's RICO claims should be stricken because they allege instances of wrongful conduct that occurred more than four years prior to the complaint's February 22, 2002 filing date. We reject defendants' contention that Shiman's claims are time-barred simply because he alleges conduct that occurred prior to February 1998. As defendants acknowledge, the statute of limitations on a RICO claim begins to run not when the conduct occurred, but rather when the plaintiff discovers or should have discovered his injury. *Rotella*, 528 U.S. at 554. Accordingly, if Shiman reasonably did not discover his injuries until February 1998 or thereafter, his RICO claims are timely.

That being said, Shiman has not alleged that he did not discover his injuries until February 1998 or thereafter. Though at numerous points in the complaint Shiman asserts that defendants concealed their scheme to loot PVI and defraud him, the complaint is silent regarding when Shiman became aware of the wrongful conduct. Without this information, we are unable

to determine when Shiman's claims accrued. In the event Shiman repleads his RICO claims, he should correct these deficiencies to avoid another motion on these grounds.[2]

III.  *Standing*

Defendants finally argue that Shiman lacks standing to sue for RICO violations because he suffered no injury distinct from that of PVI and thus his claims are derivative in nature. Defendants' Memorandum in Support of Motion to Dismiss at 11-12. Assuming for purposes of discussion that the lack of a distinct injury would preclude Shiman's claims, the fact is that he does allege that he suffered injuries that were distinct from those suffered by PVI; he asserts that he was injured by improper charges and adjustments to his personal capital account, which cut his share of distributions, and which he contends had no effect on the capital of PVI. *E.g.*, Complaint, ¶¶ 63-64; Plaintiff's Response to Defendants' Motion to Dismiss at 2. Defendants respond by providing reasons why Shiman's assertions regarding his capital account are factually inaccurate. However, these factual arguments are not properly addressed at the motion to dismiss stage. "[T]he purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits." *Pelfresne v. Stephens*, 35 F. Supp. 2d 1064, 1069 (N.D. Ill. 1999) (citing *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990)). Shiman has sufficiently alleged that he suffered an injury distinct from that of PVI.

**Conclusion**

For the foregoing reasons, defendants' motion to dismiss [item # 12-1] is granted

---

[2]Shiman alternatively argues that even if the pre-1998 conduct is time-barred, the wrongful conduct that occurred after that date is actionable. Because we concluded above that Shiman failed to properly allege RICO violations during any time frame, we decline to address that issue at this time.

-8-

and plaintiff's complaint is dismissed without prejudice. Plaintiff is granted leave to file an amended complaint on or before August 19, 2002. If plaintiff fails to do so, the dismissal will be converted to a final and appealable order.

Dated: August 5, 2002

                                                                          _____
                                                                          MATTHEW F. KENNELLY
                                                                          United States District Judge